FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 10 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DEVIN HARMON, <br>     Plaintiff, <br> v. <br> CITY OF GLENDALE, et al., <br>     Defendant(s). | No. CV 07-398-FMC (AGR) <br><br> ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

    Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge and adopts the Magistrate Judge's Report and Recommendation.

    The Magistrate Judge issued her Report and Recommendation before the Ninth Circuit's opinion in *Beck v. City of Upland*, Case No. 05-56901, 2008 U.S. App. LEXIS 11288 (9th Cir. May 28, 2008). In *Beck*, the Ninth Circuit discussed the standard established by the Supreme Court for rebutting the presumption of prosecutorial independence in a First Amendment retaliatory prosecution claim under 42 U.S.C. § 1983. *See Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). The Ninth Circuit held that the *Hartman* standard applies to Fourth

Amendment based malicious prosecution suits under 42 U.S.C. § 1983 such as the one in this case. *Beck*, 2008 U.S. App. LEXIS 11288 at *23. The Court left open the question of whether *Hartman* overruled the evidentiary presumption approach previously applied by the Ninth Circuit and discussed in the Report and Recommendation. *Id.* at *24-*27. In *Beck*, the Court evaluated the case under both standards. *Id.* at *27.

Applying *Hartman* to a malicious prosecution claim outside the First Amendment retaliatory context, the Ninth Circuit held that a plaintiff can rebut the presumption of prosecutorial independence with proof of a retaliatory motive and the absence of probable cause supporting the prosecutor's decision. *Id.* at *26.

For the reasons stated in the Report and Recommendation, Plaintiff has not created a genuine issue of material fact as to the absence of probable cause. (Report and Recommendation at 6-8.) Accordingly, Plaintiff cannot rebut the presumption of prosecutorial independence even under the *Hartman* standard.

Plaintiff's Objections for the first time argue that defendant Marshall's declaration does not satisfy the standard for admissibility of expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Plaintiff's objection is overruled. Defendant Marshall's declaration set forth his personal knowledge of information and is admissible for purposes of probable cause. *See Hart v. Parks*, 450 F.3d 1059, 1067 (9th Cir. 2006). Defendant Marshall was not accepted as an expert whose testimony would be subject to *Daubert*.

IT IS ORDERED that Defendants' motion for summary judgment is granted and that Judgment be entered for Defendants.

DATED: June 10, 2008

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN HARMON,<br>　　Plaintiff,<br>　　　v.<br>CITY OF GLENDALE, et al.<br>　　Defendants. | NO. CV 07-398-FMC (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　The Court submits this Report and Recommendation to the Honorable Florence-Marie Cooper, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that Defendants' motion for summary judgment be granted.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On January 23, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. On February 12, 2007, Plaintiff filed an amended complaint ("FAC") against defendants City of Glendale, Marvin Marshall, Miguel Porras and Randy Adams. The individual defendants were named in their individual and official capacities. (FAC at 3-4.) On August 29, 2007, Plaintiff filed a notice voluntarily dismissing Adams, the Chief of Police, as a defendant. (Docket No. 73.)

On March 3, 2008, Defendants filed a motion for summary judgment and a statement of uncontroverted facts. On March 20, 2008, Plaintiff filed an opposition and a statement of genuine issues ("SGI"), which was served on March 17, 2008. Defendants did not file a reply.[1]

This matter is appropriate for disposition without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, this matter was taken under submission without oral argument and is now ready for decision.

II.

## STATEMENT OF FACTS

Defendant Marshall was a Forensic Specialist with the Glendale Police Department from July 1983 until his retirement in August 2006. (Marshall Decl. ¶ 1.) His duties included fingerprint development and analysis, and training new forensic specialists. (*Id.* ¶ 3.)

On May 14, 2004, Marshall received a forensic services request from Community Service Officer Erin Oliver to obtain latent prints from a 1992 red Ford Festiva. (*Id.* ¶ 4.) The Ford Festiva was brought in by an auto burglary victim for printing. (*Id.*) Marshall applied latent print powder and brushed the surface of the

---

[1] By Order dated March 5, 2008, Defendants' reply was due within 30 days of service of Plaintiff's opposition. The Court stated that it would take the motion under submission as of the date Defendants' reply was due.

inside and outside right front door in order to develop any latent prints. (*Id.* ¶ 5.) Marshall developed two latent print sets, applied tape to each latent print and applied each tape to a separate latent print card marked with the report number, victim's name and location of the print on the vehicle. (*Id.*)

Marshall scanned the latent print card into the Los Angeles Automated Fingerprint Identification System ("LAFIS"), a law enforcement fingerprint database system. (*Id.* ¶ 6.) LAFIS returned a hit, which automatically returns 50 possible individuals listed in order on the basis of the most shared characteristics. (*Id.* ¶ 7.) The first individual on the list was Main # 20198031, which was identified as Devin Maurice Harmon. (*Id.* ¶¶ 7-8.) Main # 20198031 matched the latent prints of the right ring finger and the left index, middle and ring fingers on the Ford Festiva. (*Id.*) Marshall's positive identification of the prints was independently verified by Forensic Supervisor Debbie Stivers. (*Id.* ¶ 8.) Marshall prepared a report and gave it to Defendant Porras. (*Id.*)

Porras is a detective with the Glendale Police Department since 1995. (Porras Decl. ¶¶ 1-2.) In May 2004, Porras was assigned to investigate a string of car burglaries in Glendale. (*Id.* ¶ 3.) After receiving Marshall's information, Porras ran a criminal history report on Devin Harmon, who was on parole. Porras contacted the victim, who did not know Harmon and could not think of any legitimate reason why Harmon's fingerprints were found on his car. (*Id.* ¶¶ 7-8.)

Based on the criminal history report and the fingerprint identification, Porras executed a search warrant for Harmon's listed address in Pasadena on May 19, 2004. Stolen items from cars in Glendale were recovered at that location. (*Id.* ¶ 9.) Porras determined there was probable cause to arrest Harmon for burglary. (*Id.* ¶ 10.) Harmon was arrested by his parole agent, Danny Avekamian, and taken to the Glendale Police Department on May 28, 2004. (*Id.* ¶ 11.)

///

On June 1, 2004, Porras conducted an interview with Harmon and advised him of his Miranda rights. (*Id.* ¶ 12.) Porras states that Harmon admitted he entered the Ford Festiva with the intent to steal property and admitted that he left fingerprints so that he would be caught. Harmon said he did not want to steal anymore and was afraid for his life. (*Id.* ¶ 13.)

Porras submitted the case to the District Attorney's office. (*Id.* ¶ 15.) The District Attorney filed charges for burglary and possession of stolen property. (*Id.*)

On March 29, 2005, a jury acquitted Harmon after he had been detained for 337 days. (Harmon Decl. ¶¶ 7, 10; Opposition at 2.)

### III.

### **SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023-24 (9th Cir. 2004).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citing *Celotex*, 477 U.S. at 323-24). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth

1  specific facts showing that there exists a genuine issue for trial. *Anderson v.*
2  *Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).
3       In deciding whether to grant summary judgment, a court must view all
4  evidence and any inferences arising from the evidence in the light most favorable
5  to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996)
6  (citation omitted). A plaintiff must "produce at least some significant probative
7  evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte,*
8  *Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990) (internal quotation marks
9  omitted). The Court need not "scour the record in search of a genuine issue of
10 material fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). While the
11 Court must construe a *pro se* plaintiff's pleadings liberally, *pro se* parties must
12 nonetheless meet the specificity requirement of Rule 56 to defeat summary
13 judgment. *Posadas De Puerto Rico, Inc. v. Radin*, 856 F.2d 399, 401 (1st Cir.
14 1988).

## IV.
## DISCUSSION

### A. Malicious Prosecution Under Section 1983

Malicious prosecution is cognizable under 42 U.S.C. § 1983 if the intent is "to deprive a person of [his] constitutional rights."[2] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (citations omitted). "To prove a claim of malicious prosecution in California, the plaintiff must prove that the underlying prosecution: (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (citation and internal quotation marks omitted).

///

---

[2] Defendants do not challenge this element of malicious prosecution under section 1983 for purposes of their motion for summary judgment.

Defendants do not dispute that the criminal prosecution terminated in Plaintiff's favor. Defendants move for summary judgment on the grounds that Harmon cannot create a genuine issue of material fact as to the second element (absence of probable cause), and the first element (independent judgment of the prosecutor). In addition, Defendants argue that they are entitled to qualified immunity. The uncontroverted facts establish that all Defendants are entitled to summary judgment on Harmon's malicious prosecution claim.

### 1. **Probable Cause**

"When . . . a claim of malicious prosecution is based upon the initiation of a criminal prosecution, the question of probable cause is whether it was objectively reasonable for the defendant . . . to suspect the plaintiff . . . had committed a crime." *Conrad*, 447 F.3d at 768 (citation and internal quotations omitted). "The question of probable cause is one of law, but if there is a dispute concerning the defendant's knowledge of facts on which [the initial prosecution was] based, the [trier of fact] must resolve that threshold question." *Id.* at 767 (citation and internal quotation marks omitted).

Defendants argue that it was objectively reasonable to suspect Harmon of committing the burglary based on the (1) latent fingerprint evidence (Undisputed Facts 4-8); and (2) items recovered pursuant to a valid search warrant that were reported stolen from vehicle burglaries in Glendale (Undisputed Fact 11). (Motion at 9.)

Harmon has failed to create a genuine issue of material fact as to the latent fingerprint evidence. In response to Undisputed Facts 4-7, Harmon argues that (1) the jury acquitted him, (2) he did not burglarize the Ford Festiva and, therefore, the fingerprints are not his; and (3) defendants admit that no

///
///
///

photograph was taken of the Ford Festiva. (SGI ¶¶ 4-7; Harmon Decl. ¶ 3; Exh. B to SGI.) These arguments are insufficient as a matter of law. Acquittal is not evidence of lack of probable cause. See *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) ("mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause"). Similarly, Harmon's argument that the fingerprints are not his does not go to the question of whether it was objectively reasonable for Defendants to suspect Harmon of the crime based on the latent fingerprint identification that they had at the time. *See Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1031 (9th Cir. 2008) (the facts known to defendant is the only potential factual issue for purposes of probable cause). Finally, the fact that Defendants did not take a photograph of the Ford Festiva does not create a genuine issue as to probable cause based on latent fingerprint evidence.[3]

Harmon also fails to create a genuine issue of material fact as to the stolen items found pursuant to a valid search warrant. In response to Undisputed Fact No. 11, Harmon argues that (1) without latent fingerprint evidence, Defendants would not have been able to execute a search warrant; (2) the location searched was not his actual residence; and (3) the allegedly stolen items were not presented in evidence at trial. The latent fingerprint evidence is addressed above. Harmon cites no evidence in support of his other two arguments. Accordingly, he cannot defeat summary judgment. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) (party opposing summary judgment must cite evidence and cannot rely on conclusory allegations); *Smolen*, 921 F.2d at 963 (same). Moreover, as noted above,

---

[3] Harmon cites to a Glendale Police Department manual that states: "The development, photographing, or other methods of preserving fingerprints shall be the sole responsibility of Forensic Specialists." (Exh. A at 4 to SGI.) This provision does not have anything to do with photographing a car. Harmon nowhere disputes that the latent fingerprint cards exist.

Harmon's arguments do not go to the question of whether it was objectively reasonable for Defendants to suspect Harmon of the crime based on the facts within their knowledge at the time. *Tucker*, 515 F.3d at 1031; *Hart v. Parks*, 450 F.3d 1059, 1067 (9th Cir. 2006) (whether police had admissible evidence proving beyond reasonable doubt that items were stolen is irrelevant to probable cause).

Harmon argues that the individual defendants' declarations contain hearsay and are not competent to establish probable cause. Plaintiff's objections to Defendants' evidence as irrelevant and hearsay are overruled. *Hart*, 450 F.3d at 1067 (detective declaration is admissible to establish personal knowledge of information at time of arrest or initiation of prosecution for purposes of probable cause).

Accordingly, Harmon has not created a genuine issue of material fact as to the existence of probable cause.

## 2. **Independent Judgment of Prosecutor**

"Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy*, 368 F.3d at 1067 (citation omitted); *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006) ("We have long recognized that '[f]iling a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.'"), *cert. denied*, 127 S. Ct. 1383 (2007) (citation omitted).

"The plaintiff bears the burden of producing evidence to rebut [the] presumption [of the prosecutor's independent judgment]." *Id.* at 993. "*[A] plaintiff's account of* the incident in question, by itself, does not overcome the presumption of independent judgment." *Id.* at 994 (emphasis in original, citation

omitted). "[C]onclusory allegations, standing alone, are insufficient to prevent summary judgment." *Id.* at 995. On the other hand, a plaintiff can rebut the presumption with evidence that "officers interfered with the prosecutor's judgment in some way, by omitting relevant information, by including false information, or by pressuring the prosecutor to file charges." *Id.*; *Awabdy*, 368 F.3d at 1067 (plaintiff may show that criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith).

Here, Harmon relies solely on his own account to rebut the presumption of independent judgment. Harmon accuses Marshall of fabricating latent fingerprint evidence, and he accuses Porras of fabricating a confession. However, in both instances, Plaintiff's only evidence is his own account of what happened. Harmon argues that Porras' supplementary report provided false information that Harmon confessed in an interview on June 1, 2004. (*See* Exh. C to SGI.) In response to Undisputed Facts 14 and 17, Harmon's declaration states that he "did not in any shape form or confess to Det. Porras on June.01.04 about or to any alleged crimes committed on May 8 and 14, 2004 in the City of Glendale." (Harmon Decl. ¶ 6.)

This is precisely the type of argument that the Ninth Circuit has rejected. "A suspect's account of an incident, by itself, is unlikely to influence a prosecutor's decision, and thus, it cannot, by itself, serve as evidence that officers interfered with the prosecutor's decision." *Newman*, 457 F.3d at 995. Because a plaintiff's version of events will almost always conflict with the police officer's account, the Ninth Circuit concluded that any other rule would effectively nullify the presumption entirely. *Id.* "A plaintiff who presents only such evidence cannot survive summary judgment on a malicious prosecution claim." *Id.* at 996. Harmon has failed to rebut the presumption of the prosecutor's independent judgment.

///

9

### 3. Qualified Immunity

Given that Harmon cannot create a genuine issue of fact as to his malicious prosecution claim under § 1983, there is no constitutional violation and the individual Defendants are entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (qualified immunity applies when there is no genuine issue as to whether officer's conduct violated a constitutional right).

### 4. Municipal Liability

Defendant City of Glendale is entitled to summary judgment on Plaintiff's failure to train theory. Municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), requires a showing that the individual defendant's constitutional violation implements or executes a policy statement, ordinance, regulation of decision officially adopted and promulgated. *Id.* at 690; *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *see Mackinney v. Nielsen*, 69 F.3d 1002, 1010 (9th Cir. 1995) ("a § 1983 plaintiff must show that there is a direct link between the city policy and the constitutional violation") (citation omitted).

When, as here, the individual defendants have not committed constitutional violations that caused constitutional injury to a plaintiff, there can be no municipal liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 355-56 (9th Cir. 1996) (rejecting plaintiff's argument that he need not establish constitutional injury from the conduct of individual defendants before proceeding on a theory of municipal liability), *cert. denied*, 519 U.S. 1122 (1997); *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414-15 (9th Cir. 1986) (same).[4]

---

[4] Moreover, Harmon has not offered any evidence to support liability based on failure to train. Plaintiff's argument is circular. Essentially, he says that because the individual defendants fabricated evidence, they must not have been properly trained. (Opposition at 7-8); *see City of Canton v. Harris*, 489 U.S. 378,

### B. Other Section 1983 Claims

Although Defendants are uncertain whether Plaintiff asserts any section 1983 claim other than the one for malicious prosecution, they nonetheless argue that all such claims for false arrest or false imprisonment are time-barred based on *Wallace v. Kato*, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). (Motion at 13.) On October 24, 2007, Plaintiff filed a Notice of Intent in which he stated that his only claim was for malicious prosecution ("Plaintiff has not asserted any other basis for his § 1983 action."). In addition, in his opposition here, Harmon states that he "has only ever claimed and/or argued malicious prosecution." (SGI at 21.) Therefore, Harmon's opposition does not dispute that other claims would be untimely.

## V.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that Defendants' motion for summary judgment be granted.

DATED: May 13, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact") (footnote omitted); *Price*, 513 F.3d at 973 (affirming summary judgment on failure-to-train claim when plaintiff offers no evidence of a conscious or deliberate choice by the city to risk a likely violation of constitutional rights).

11

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.